JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
KEVIN J. BUTLER (Cal. Bar No. 329129)
JENA A. MACCABE (Cal. Bar No. 316637)
Assistant United States Attorneys
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6495/5046
    Facsimile: (213) 894-0141
    E-mail:  kevin.butler2@usdoj.gov
             jena.maccabe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-563-MWF-4 |
|---|---|
| Plaintiff, | AMENDED PLEA AGREEMENT FOR DEFENDANT ISAIAH VILLASANA |
| v. | |
| ISAIAH VILLASANA, | |
| Defendant. | |

     1.   This constitutes the plea agreement between defendant ISIAH VILLASANA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

          a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count Three of the

indictment in <u>United States v. ISAIAH VILLASANA</u>, CR No. 23-563-MWF-4, which charges defendant with Possess, Use, Carry, Brandish, and Discharge of a Short-Barreled Rifle in Furtherance of, and During and in Relation to, a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (c)(1)(A)(iii), (c)(1)(B)(i).

  b. Not contest facts agreed to in this agreement.

  c. Abide by all agreements regarding sentencing contained in this agreement.

  d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

  e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

  f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

  g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

  h. Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

  i. Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a

2

guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012. Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

j. Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

k. Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

3. Defendant further agrees:

a. To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following: one .223 caliber rifle bearing serial number P4FMBUS1P, and one round of .223 caliber ammunition seized on October 26, 2023 (collectively, the "Forfeitable Assets").

b. To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

c. That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

d.   To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

e.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.  Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A) and/or requirements of the Government to commence forfeiture actions pursuant to 18 U.S.C. § 924(d)(1).

f.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

g.   Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

h.   To prevent the transfer, sale, destruction, or loss of the Forfeitable Assets to the extent defendant has the ability to do so.

i.   That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.  With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of

Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Assets in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that the forfeiture of the Forfeitable Assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

<u>THE USAO'S OBLIGATIONS</u>

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to

1  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

2  additional one-level reduction if available under that section.

NATURE OF THE OFFENSE

4      5.    Defendant understands that for defendant be guilty of the

5  crime charged in Count Three, that is, Possess, Use, Carry, Brandish,

6  and Discharge of a Short-Barreled Rifle in Furtherance of, and During

7  and in Relation to, a Crime of Violence, in violation of Title 18,

8  United States Code, Sections 924(c)(1)(A)(ii), (c)(1)(A)(iii),

9  (c)(1)(B)(i), the following must be true: first, the defendant

10  committed the crime of interference by robbery, which is a crime of

11  violence; and second, the defendant knowingly possessed a short-

12  barreled rifle in furtherance of that crime or used, carried, or

13  brandished a short-barreled rifle -- or discharged any firearm --

14  during and in relation to that crime.

15      6.    Defendant understands that defendant may be found guilty of

16  the crime charged in Count Three, even if defendant personally did

17  not commit the act or acts constituting the crime but aided and

18  abetted in its commission.  To "aid and abet" means intentionally to

19  help someone else commit a crime.  To prove defendant guilty by

20  aiding and abetting, the government must prove each of the following

21  beyond a reasonable doubt: first, someone else committed the crime;

22  second, defendant aided, counseled, commanded, induced, or procured

23  that person with respect to at least one element of the crime; third,

24  defendant acted with the intent to facilitate the crime; and fourth,

25  defendant acted before the crime was completed.

26      7.    Each member of the conspiracy is responsible for the

27  actions of the other conspirators performed during the course and in

28  furtherance of the conspiracy.  If one member of a conspiracy commits

1  a crime in furtherance of a conspiracy, the other members have also,

2  under the law, committed that crime.  Therefore, defendant may be

3  found guilty of the crime charged in Count Three if the government

4  has proved each of the following elements beyond a reasonable doubt:

5  first, a person named in Count Three of the indictment committed the

6  crime as alleged in that count; second, the person was a member of

7  the conspiracy charged in Count One of the indictment; third, the

8  person committed the crime charged in Count Three in furtherance of

9  the conspiracy; fourth, defendant was a member of the same conspiracy

10 at the time the offense charged in Count Three was committed; and

11 fifth, the offense fell within the scope of the unlawful agreement

12 and could reasonably have been foreseen to be a necessary or natural

13 consequence of the unlawful agreement.

14                     <u>PENALTIES AND RESTITUTION</u>

15      8.   Defendant understands that the statutory maximum sentence

16 that the Court can impose for a violation of Title 18, United States

17 Code, Sections 924(c)(1)(A)(ii), (c)(1)(A)(iii), (c)(1)(B)(i) is:

18 lifetime imprisonment; a five-year period of supervised release; a

19 fine of $250,000 or twice the gross gain or gross loss resulting from

20 the offense, whichever is greatest; and a mandatory special

21 assessment of $100.

22      9.   Defendant understands that the statutory mandatory minimum

23 sentence that the Court must impose for a violation of Title 18,

24 United States Code, Sections 924(c)(1)(A)(ii), (c)(1)(A)(iii),

25 (c)(1)(B)(i) is: a 10-year term of imprisonment, which must run

26 consecutive to any other sentence of imprisonment, and a mandatory

27 special assessment of $100.

28

10.   Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties currently believe that the applicable amount of restitution is approximately $13,050 but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

11.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

12.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm,

8

the right to hold office, and the right to serve on a jury.
Defendant understands that he is pleading guilty to a felony and that
it is a federal crime for a convicted felon to possess a firearm or
ammunition.  Defendant understands that the convictions in this case
may also subject defendant to various other collateral consequences,
including but not limited to revocation of probation, parole, or
supervised release in another case and suspension or revocation of a
professional license.  Defendant understands that unanticipated
collateral consequences will not serve as grounds to withdraw
defendant's guilty plea.

13.  Defendant and his counsel have discussed the fact that, and
defendant understands that, if defendant is not a United States
citizen, the conviction in this case makes it practically inevitable
and a virtual certainty that defendant will be removed or deported
from the United States.  Defendant may also be denied United States
citizenship and admission to the United States in the future.
Defendant understands that while there may be arguments that
defendant can raise in immigration proceedings to avoid or delay
removal, removal is presumptively mandatory and a virtual certainty
in this case.  Defendant further understands that removal and
immigration consequences are the subject of a separate proceeding and
that no one, including his attorney or the Court, can predict to an
absolute certainty the effect of his convictions on his immigration
status.  Defendant nevertheless affirms that he wants to plead guilty
regardless of any immigration consequences that his plea may entail,
even if the consequence is automatic removal from the United States.

1

FACTUAL BASIS

2      14.   Defendant admits that defendant is, in fact, guilty of the

3  offense to which defendant is agreeing to plead guilty.  Defendant

4  and the USAO agree to the statement of facts provided below and agree

5  that this statement of facts is sufficient to support a plea of

6  guilty to the charge described in this agreement but is not meant to

7  be a complete recitation of all facts relevant to the underlying

8  criminal conduct or all facts known to either party that relate to

9  that conduct.

10      On a date unknown, but at least as early as September 22, 2023,

11  defendant agreed with co-conspirators, including his co-defendants,

12  to commit interference with commerce by robbery.  In furtherance of

13  this conspiracy, the conspirators committed the following robberies,

14  which affected interstate commerce.

15      On September 22, 2023, defendant and, at least, co-defendant one

16  traveled to the Aloha Liquor Store located at 11837 Lakewood

17  Boulevard, Downey, California to commit a robbery.  Inside, co-

18  defendant one held an employee at gunpoint, as co-defendant one

19  pointed a short-barreled rifle at the employee and demanded cash.

20  Inside Aloha Liquor, co-defendant one discharged the short-barreled

21  rifle.  Co-defendant one and defendant fled with approximately $1,000

22  belonging to the Aloha Liquor Store.  The business of Aloha Liquor

23  affected interstate commerce and portions of the inventory of Aloha

24  Liquor traveled in interstate commerce.

25

SENTENCING FACTORS

26      15.   Defendant understands that in determining defendant's

27  sentence the Court is required to calculate the applicable Sentencing

28  Guidelines range and to consider that range, possible departures

10

under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

16.  Except as set forth in paragraph 4 above, defendant and the USAO have no agreement as to the appropriate sentence or the applicable Sentencing Guidelines factors.  Except as set forth in paragraph 4, both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history score and category, base offense level, specific offense characteristics, adjustments, departures, and variances.

17.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

18.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be

11

1    represented by counsel -- and if necessary have the Court appoint

2    counsel -- at every other stage of the proceeding.

3          d.    The right to be presumed innocent and to have the

4    burden of proof placed on the government to prove defendant guilty

5    beyond a reasonable doubt.

6          e.    The right to confront and cross-examine witnesses

7    against defendant.

8          f.    The right to testify and to present evidence in

9    opposition to the charges, including the right to compel the

10   attendance of witnesses to testify.

11         g.    The right not to be compelled to testify, and, if

12   defendant chose not to testify or present evidence, to have that

13   choice not be used against defendant.

14         h.    Any and all rights to pursue any affirmative defenses,

15   Fourth Amendment or Fifth Amendment claims, and other pretrial

16   motions that have been filed or could be filed.

17                     <u>WAIVER OF APPEAL OF CONVICTION</u>

18       19.   Defendant understands that, with the exception of an appeal

19   based on a claim that defendant's guilty plea was involuntary, by

20   pleading guilty defendant is waiving and giving up any right to

21   appeal defendant's conviction on the offense to which defendant is

22   pleading guilty.  Defendant understands that this waiver includes,

23   but is not limited to, arguments that the statutes to which defendant

24   is pleading guilty are unconstitutional, and any and all claims that

25   the statement of facts provided herein is insufficient to support

26   defendant's plea of guilty.

27

28

1

<u>WAIVER OF APPEAL</u>

2      20.  Defendant gives up the right to appeal all of the

3 following: (a) the procedures and calculations used to determine and

4 impose any portion of the sentence; (b) the term of imprisonment

5 imposed by the Court, including, to the extent permitted by law, the

6 constitutionality or legality of defendant's sentence, provided it is

7 within the statutory maximum; (c) the fine imposed by the Court,

8 provided it is within the statutory maximum; (d) the amount and terms

9 of any restitution order; (e) the term of probation or supervised

10 release imposed by the Court, provided it is within the statutory

11 maximum; and (f) any of the following conditions of probation or

12 supervised release imposed by the Court: the conditions set forth in

13 Second Amended General Order 20-04 of this Court; the drug testing

14 conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

15 alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

16      21.  This agreement does not affect in any way the right of the

17 USAO to appeal the sentence imposed by the Court.

18

<u>WAIVER OF COLLATERAL ATTACK</u>

19      22.  Defendant also gives up any right to bring a post-

20 conviction collateral attack on the conviction or sentence, including

21 any order of restitution, except a post-conviction collateral attack

22 based on a claim of ineffective assistance of counsel, a claim of

23 newly discovered evidence, or an explicitly retroactive change in the

24 applicable Sentencing Guidelines, sentencing statutes, or statutes of

25 conviction.  Defendant understands that this waiver includes, but is

26 not limited to, arguments that the statutes to which defendant is

27 pleading guilty are unconstitutional, and any and all claims that the

28

13

1  statement of facts provided herein is insufficient to support

2  defendant's plea of guilty.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

4    23.  Defendant agrees that if the count of conviction is

5  vacated, reversed, or set aside, both the USAO and defendant will be

6  released from all their obligations under this agreement.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

8    24.  Defendant agrees that if, after entering a guilty plea

9  pursuant to this agreement, defendant seeks to withdraw and succeeds

10  in withdrawing defendant's guilty plea on any basis other than a

11  claim and finding that entry into this plea agreement was

12  involuntary, then (a) the USAO will be relieved of all of its

13  obligations under this agreement; and (b) should the USAO choose to

14  pursue any charge that was either dismissed or not filed as a result

15  of this agreement, then (i) any applicable statute of limitations

16  will be tolled between the date of defendant's signing of this

17  agreement and the filing commencing any such action; and

18  (ii) defendant waives and gives up all defenses based on the statute

19  of limitations, any claim of pre-indictment delay, or any speedy

20  trial claim with respect to any such action, except to the extent

21  that such defenses existed as of the date of defendant's signing this

22  agreement.

### EFFECTIVE DATE OF AGREEMENT

24    25.  This agreement is effective upon signature and execution of

25  all required certifications by defendant, defendant's counsel, and an

26  Assistant United States Attorney.

27

28

14

1

## BREACH OF AGREEMENT

2      26.  Defendant agrees that if defendant, at any time after the

3  signature of this agreement and execution of all required

4  certifications by defendant, defendant's counsel, and an Assistant

5  United States Attorney, knowingly violates or fails to perform any of

6  defendant's obligations under this agreement ("a breach"), the USAO

7  may declare this agreement breached.  All of defendant's obligations

8  are material, a single breach of this agreement is sufficient for the

9  USAO to declare a breach, and defendant shall not be deemed to have

10  cured a breach without the express agreement of the USAO in writing.

11  If the USAO declares this agreement breached, and the Court finds

12  such a breach to have occurred, then: (a) if defendant has previously

13  entered a guilty plea pursuant to this agreement, defendant will not

14  be able to withdraw the guilty plea, and (b) the USAO will be

15  relieved of all its obligations under this agreement.

16      27.  Following the Court's finding of a knowing breach of this

17  agreement by defendant, should the USAO choose to pursue any charge

18  that was either dismissed or not filed as a result of this agreement,

19  then:

20          a.  Defendant agrees that any applicable statute of

21  limitations is tolled between the date of defendant's signing of this

22  agreement and the filing commencing any such action.

23          b.  Defendant waives and gives up all defenses based on

24  the statute of limitations, any claim of pre-indictment delay, or any

25  speedy trial claim with respect to any such action, except to the

26  extent that such defenses existed as of the date of defendant's

27  signing this agreement.

28

15

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

28.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

29.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court and (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect

16

1  defendant's and the USAO's obligations not to contest the facts

2  agreed to in this agreement.

3       30.   Defendant understands that even if the Court ignores any

4  sentencing recommendation, finds facts or reaches conclusions

5  different from those agreed to, and/or imposes any sentence up to the

6  maximum established by statute, defendant cannot, for that reason,

7  withdraw defendant's guilty plea, and defendant will remain bound to

8  fulfill all defendant's obligations under this agreement.  Defendant

9  understands that no one -- not the prosecutor, defendant's attorney,

10  or the Court -- can make a binding prediction or promise regarding

11  the sentence defendant will receive, except that it will be between

12  the statutory mandatory minimum and within the statutory maximum.

13                      <u>NO ADDITIONAL AGREEMENTS</u>

14       31.   Defendant understands that, except as set forth herein,

15  there are no promises, understandings, or agreements between the USAO

16  and defendant or defendant's attorney, and that no additional

17  promise, understanding, or agreement may be entered into unless in a

18  writing signed by all parties or on the record in court.

19  //

20  //

21

22

23

24

25

26

27

28

17

1    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        32.    The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5

6    AGREED AND ACCEPTED

7    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
8    CALIFORNIA

9    JOSEPH T. MCNALLY
     Acting United States Attorney

10

11    _____          3/28/2025
      KEVIN J. BUTLER                      _____
12    JENA A. MACCABE                       Date
      Assistant United States Attorneys
13

14    _____          3/28/25
      ISAIAH VILLASANA                     _____
15    Defendant                             Date

16    _____          3/28/2025
      CARLOS L. JUAREZ                     _____
17    Attorney for Defendant ISAIAH         Date
      VILLASANA

18

19

20

21

22

23

24

25

26

27

28

                                18

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          3/28/25
ISAIAH VILLASANA                          _____
Defendant                                 Date

19

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ISAIAH VILLASANA's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          3/28/2025
CARLOS L. JUAREZ                    Date
Attorney for Defendant ISAIAH
VILLASANA